IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC MACK
                     Plaintiff,

vs.                                        Case No. 21-4038-SAC-ADM

J.M. SMUCKERS CO. and
FOCUS WORKFORCE MANAGEMENT,
INC.,
                     Defendants.

**MEMORANDUM AND ORDER**

Plaintiff has filed an amended complaint which alleges employment discrimination and fraud. Doc. No. 37. This case is before the court upon defendants' motions to dismiss all or part of plaintiff's amended complaint. Doc. Nos. 38 and 40. Previously, the court granted the dismissal of Thirteenth and Fourteenth Amendment claims in the original complaint, but allowed plaintiff leave to file an amended complaint alleging other claims. Doc. No. 36. The court applies the same pro se pleading standards and motion to dismiss standards the court reviewed in Doc. No. 36 at pp. 3-5. In doing so, the court is mindful that "a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation. A plaintiff should have – and must plead – at least some relevant information to make the claims plausible on their face." Bekkem v. Wilkie,

915 F.3d 1258, 1274-75 (10th Cir. 2019)(interior quotations and citations omitted).

I. The amended complaint

Plaintiff, an African-American man, alleges that he began working for Focus Workforce on August 2, 2019 in Maryville, Missouri. Then he transferred to defendant Focus Workforce Management (FWM) and was assigned to work at defendant J.M. Smuckers (JMS) in Topeka, Kansas in late August 2019.

The amended complaint alleges that both FWM and JMS:

> shared conditions of employment when it came to the Plaintiff. Both employers had control over the terms and conditions of an employment relationship [and] the right to terminate it under certain circumstances. . . . [JMS] had a role in what employees they wanted on their Jobsite, Plaintiff worked side by side with [JMS] employees and supervisors and both [JMS and FWM] determine[d] control over the Plaintiff, [as] far as telling the Plaintiff what to do or going to the [FWM] Supervisor and advising them to tell the Plaintiff what to do or how to conduct his job assignment.[1]

Doc. No. 37, pp. 2-3. Plaintiff alleges racial verbal harassment, being turned down for work contrary to his contract, being required to do the "hard jobs" compared to the other employees, being followed around the jobsite by white employees, and being physically and verbally intimidated by supervisors from JMS. The amended complaint asserts:

> Both the defendants made derogatory racial comments towards me and were never disciplined for the harsh acts, it was extreme bullying and harassment, using racial

---

[1] The bracketed "and" in the third line of the above excerpt replaces "is" in the text of the amended complaint.

> slurs towards me, the companies did nothing to stop it, the intent was to hurt, and intimidate me primarily because of my race . . .

Id. at pp. 9-10.

The amended complaint alleges a constructive discharge as part of plaintiff's discrimination claim. It seeks relief under the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, and the Thirteenth Amendment. A state law fraud claim is also asserted.

II. JMS's motion to dismiss the amended complaint – Doc. No. 38

  A. Fraud

Plaintiff's fraud allegations appear more directed at defendant FWM. They concern a failure to pay plaintiff for his correct hours and impeding plaintiff's claim for unemployment compensation. Doc. No. 37, p. 10. JMS asks that any fraud claim against it be dismissed because the amended complaint is lacking any specific factual allegations which describe a fraud committed by JMS.[2] The court agrees and directs that the fraud claim against JMS be dismissed.

  B. Title VII and Section 1981

An employment relationship between plaintiff and JMS is critical to liability under Title VII. Knitter v. Corvias Military Living, Inc., 758 F.3d 1214, 1225 (10th Cir. 2014). Section 1981

---

[2] In the court's order concerning the motions to dismiss the original complaint, the court reviewed the elements of a state law fraud claim. Doc. No. 36, p. 12.

3

applies the same legal analysis as Title VII. <u>McCurry v. Kenco Logistics Services, LLC</u>, 942 F.3d 783, 788 (7th Cir. 2019); see also <u>Lounds v. Lincare, Inc.</u>, 812 F.3d 1208, 1221 (10th Cir. 2015).

JMS contends that plaintiff's allegations in the amended complaint are not substantially different from the original complaint and are too vague and conclusory to adequately describe an employment relationship between plaintiff and JMS via the "joint employer" concept. As noted in the court's previous order, the Tenth Circuit has described the joint employer test as follows:

> Under the joint employer test, two entities are considered joint employers if they share or co-determine those matters governing the essential terms and conditions of employment. Both entities are employers if they both exercise significant control over the same employees. An independent entity with sufficient control over the terms and conditions of employment of a worker formally employed by another is a joint employer within the scope of Title VII.
>
> Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances. Additional factors courts consider for determining control under the joint employer test include the ability to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; day-to-day supervision of employees, including employee discipline; and control of employee records, including payroll, insurance, taxes and the like.

<u>Knitter</u>, 758 F.3d at 1226 (quotations, ellipses and citations omitted).

The amended complaint asserts that JMS and FWM shared control over plaintiff's conditions of employment and telling plaintiff

4

what to do and how to do it.  This control, according to plaintiff, included the right to terminate plaintiff.  The amended complaint also alleges that JMS supervisors and employees participated in racially harassing and intimidating plaintiff.  The court finds that plaintiff has adequately alleged a joint employer relationship.[3]

Finally, JMS contends that the Title VII and § 1981 claims should be dismissed as to JMS because the amended complaint fails to link JMS to specific acts of harassment or retaliation.  Plaintiff alleges that JMS exercised control over terms and conditions of employment and job assignment, and that JMS supervisors engaged in a specific act of verbal harassment and intimidation.  The court finds this is sufficient to state a claim against JMS for harassment.

As for retaliation, the court agrees with JMS that plaintiff has not alleged facts showing that job actions were taken against him by JMS to retaliate against protected activity.[4]  While plaintiff alleges that he made complaints to supervisors near the

---

[3] In contrast, the original complaint, which the court previously said did not sufficiently allege a joint employment relationship, stated that JMS "aided and abetted" FWM and that two JMS supervisors engaged in an incident of verbal and physical harassment and intimidation.

[4] The elements of a prima facie case of retaliation under Title VII are:  1) protected opposition to discrimination; 2) a materially adverse action against plaintiff; and 3) a causal connection between the adverse action and the protected activity.  Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012).  To survive a motion to dismiss, a prima facie case need not be established, but the elements are instructive to determine whether a plausible case has been stated.  Id. at 1192.

time that he was harassed or intimidated on the job, the mere possibility that the harassment was an act of retaliation is not sufficient to state a claim for relief. Winne v. City of Lakewood, Colo., 436 Fed.Appx. 840, 843 (10th Cir. 2011)(citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). Plaintiff's allegations are deficient in part because he does not assert that persons harassing him were aware of plaintiff's protected activity. Davis v. BAE Systems Technology Solutions & Services Inc., 764 Fed.Appx. 741, 747 (10th Cir. 2019). This together with the absence of other factual detail supporting a causal connection between protective activity and harassment by JMS requires the court to dismiss plaintiff's retaliation claim for failure to state a claim. See Hare v. Donahoe, 608 Fed.Appx. 627, 630 (10th Cir. 2015).

    C. Thirteenth Amendment

Although the court dismissed plaintiff's Thirteenth Amendment claim in ruling upon the motions to dismiss the original complaint, plaintiff has realleged a claim under the Thirteenth Amendment in the amended complaint. The court is convinced for the reasons stated in our previous order that this claim must be dismissed. See Doc. No. 36, pp. 10-11.

III. FWM's motion to dismiss the amended complaint – Doc. No. 40

    A. Title VII

FWM asks the court to dismiss plaintiff's Title VII action against FWM on the grounds that plaintiff failed to exhaust his

6

administrative remedies. The amended complaint is somewhat unclear as to what happened with the administrative complaints plaintiff filed. It is clear, however, that plaintiff contends that any failure to name FWM as a respondent was not plaintiff's fault and that plaintiff attempted to correct the matter. The court will not repeat the previous discussion of administrative exhaustion principles vis-à-vis Rule 12(b)(6) from the court's order on the motions to dismiss the original complaint. The court will simply restate two points: 1) a plaintiff is not required to plead against an affirmative defense such as exhaustion in a federal court complaint; and 2) the question of administrative exhaustion cannot be decided on the face of the pleadings before the court. Therefore, the court rejects FWM's request to dismiss plaintiff's Title VII claim.[5]

B. Retaliation

For the reasons discussed above in relation to JMS's motion to dismiss, the court also finds that plaintiff has failed to state a plausible claim of retaliation against FWM.

---

[5] FWM cites Cirroco v. McMahon, 768 Fed.Appx. 854, 857-58 (10th Cir. 2019) to support a claim that an exhaustion argument may be raised in a motion to dismiss under Rule 12(b)(6) when the grounds for the defense appear on the face of the complaint. Doc. No. 41 at pp. 5-6. This case is distinguishable from Cirroco because the Tenth Circuit considered the exhaustion defense in Cirroco under summary judgment standards. The pleadings are not in shape to do the same in this case. And, to repeat, the court does not believe the grounds for an exhaustion defense are apparent on the face of the complaint.

### C. Fraud

"'Actionable fraud includes an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth, <u>where another party justifiably relies on the statement and acts to his injury</u>.'" <u>Mahler v. Keenan Real Estate, Inc.</u>, 876 P.2d 609, 615 (Kan. 1994)(quoting <u>Nordstrom v. Miller</u>, 605 P.2d 545, 548 Syl. 6 (Kan. 1980)(emphasis added)); see also <u>Zhu v. Countrywide Realty Co., Inc.</u>, 165 F.Supp.2d 1181, 1201 (D.Kan. 2001). The amended complaint alleges that FWM falsely stated in a timesheet that plaintiff was paid for the hours he worked and falsely claimed that plaintiff had returned to work when he had not. Plaintiff does not allege, however, that he relied upon either of these statements to his detriment. Therefore, the amended complaint does not state a claim for fraud.

### D. Thirteenth Amendment

The court reiterates that plaintiff may not bring a claim under the Thirteenth Amendment on the basis of the allegations made in the amended complaint.

## IV. Conclusion

Because plaintiff has filed an amended complaint, the motions to dismiss the original complaint at Doc. Nos. 20 and 22 are considered moot. As explained above, the motions to dismiss at Doc. Nos. 38 and 40 are granted in part and denied in part.

8

Plaintiff's fraud, retaliation and Thirteenth Amendment claims are dismissed.  Otherwise, the motions to dismiss are denied.

**IT IS SO ORDERED.**

Dated this 3rd day of January 2022 at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge